Helen B. IRELAND, Appellant,

v.

Bruce RAYMOND, Kathy Raymond, Dennis Nelson, William L. Wimsatt, and Betty A. Wimsatt, Appellees.

No. 89–CA–001780–S.

Court of Appeals of Kentucky.

Oct. 12, 1990.

Virginia Collins Burbank, Burbank & Burbank, Louisville, for appellant.

Paul R. Zurkuhlen, Ricketts & Travis, Louisville, for appellees/Wimsatt.

John Paddock, Louisville, for appellees/Raymond and Nelson.

Before HOWERTON, C.J., and MILLER and STUMBO, JJ.

STUMBO, Judge:

Helen B. Ireland (hereinafter "Appellant") appeals from a grant of summary judgment to William and Betty Wimsatt, Appellees herein. The issue presented is whether a landlord can be held liable for injuries resulting from an attack by his tenant's dogs when the attack does not take place on the rented premises. The Bullitt Circuit Court held that the landlord could not be held liable. We affirm.

Appellees rented a house to Bruce and Kathy Raymond. The house is located be-tween the homes of Appellant and Appellees. The Raymonds owned pit bulldogs, two of whom attacked Appellant either on her own property, or in the public roadway, resulting in physical injury. In depositions taken prior to the grant of summary judgment, Appellant stated she had called Appellees "a number of times" asking that she tell her tenants to keep the dogs out of her yard because she was afraid of "any pit bull." She also stated that she did not advise Appellees that she felt the dogs were vicious, or that the dogs had ever made any attempt to bite her before. She also testified that the dogs would leave her yard if she threw something, such as acorns, at them.

The owners of the dogs, Appellees' tenants, testified that prior to the attack on Appellant, one of the dogs had nipped at Appellant's child when the child got too close to the dog's puppies in the dog's pen. The evidence indicated that there was no injury in this incident. Unknown to Appellees, the dog had, earlier on the date of Appellant's attack, bitten some other person. The record herein is silent as to the circumstances of the attack or injuries incurred. It is, however, clear that Appellees did not know of that incident.

The trial court held that had Appellant's injuries occurred on the leased premises, summary judgment would be inappropriate pursuant to *McDonald v. Talbott*, Ky., 447 S.W.2d 84 (1969). The trial court further stated:

> However here the injuries were not received on the leased premises, and there is nothing to indicate that the landlords had any control of the area where the injuries were received. It would be unthinkable to extend the liability of a landlord to include any area to which a tenant's dog might roam. Kentucky cases cannot be stretched to cover such a situation.

Appellant cites *Uccello v. Laudenslayer*, 44 Cal.App.3d 504, 118 Cal.Rptr. 741 (1975), in support of her position. However, in *Uccello* the victim of the dog attack was

the invitee of the tenant and the attack took place on the rented premises. Further, there had been previous attacks on others by the dog in question, and the tenants had posted "Beware of Dog" signs. The California court therein held as follows:

> It should be emphasized that a duty of care may not be imposed on a landlord without proof that he know of the dog *and its dangerous propensities.* (Emphasis ours.)

Here, at most, Appellant has established that Appellees knew there were dogs on their rented property, and that Appellant did not like it when the dogs entered her yard. Appellant expressed fear of that breed of dog in general, but never advised Appellees that she felt the dogs were vicious. Finally, the attack took place under circumstances over which Appellees had no control.

Summary judgment was properly granted, and the judgment is therefore affirmed.

All concur.