RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0983-MR

MAYKEL GIMENO CRUZ                                      APPELLANT

                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.                 HONORABLE AUDRA J. ECKERLE, JUDGE
                         ACTION NO. 19-CI-007959

MISTY HENDERSON;
PAUL THOMAS BLOYD; AND
WANDA FAYE BLOYD                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND L. THOMPSON, JUDGES.

CETRULO, JUDGE: Maykel Gimeno Cruz ("Maykel") appeals from the opinion

and order entered by the Jefferson Circuit Court denying his motion for summary

judgment and granting the cross-motion for summary judgment of Paul Thomas

Bloyd ("Paul") and Wanda Faye Bloyd (together, "the Bloyds").

## I.  FACTUAL AND PROCEDURAL HISTORY

In 2019, the Bloyds owned six houses and 22 apartments that they used as rental property.  Misty Hickerson ("Misty"),[1] one of the Bloyds' tenants, kept a dog on the property without notifying the Bloyds or paying the $150 pet fee required.  Maykel lived near[2] one of the Bloyds' properties, but was not a tenant of the Bloyds.  In June 2019, Maykel alleged that Misty's dog came onto his property and attacked and injured him.  In January 2020, Maykel filed his first amended complaint[3] alleging that the Bloyds knew or should have known that the dog was vicious and dangerous because Misty kept the dog on the Bloyds' property.  Maykel claims that, by extension, the Bloyds are the "owners" of Misty's dog under Kentucky law, and therefore are liable for his injuries.

Paul testified at his January 2021 deposition that he did not know Misty kept a dog on the property.  He explained that he never visited the rental property and therefore would have had no way of knowing there was a dog present, especially when Misty did not relay that information to him.  Additionally, Misty had never given him reason to visit the rental property:  Misty mailed her rental

---

[1] At some point, Misty's last name was incorrectly changed from "Hickerson" to "Henderson" in the court documents.

[2] Maykel's property was on a neighboring street.

[3] Maykel filed his original complaint in December 2019 but incorrectly listed "City Group Properties, LLC" as a defendant instead of the Bloyds.

payments to him, never invited him onto the property, and never acted in such a way that required a written warning. Further, Paul testified that he had an independent contractor who took care of all maintenance issues on the premises, so he had no reason to visit the property.

In May 2021, Maykel filed a motion for summary judgment on his claims against the Bloyds. The Bloyds filed a response and a cross-motion for summary judgment. In July 2021, the trial court denied Maykel's motion for summary judgment and granted the Bloyds' motion for summary judgment, finding that the Bloyds had no notice of the dog's presence on their rental property and that without such notice, the Bloyds could not be held liable under KRS[4] 258.095 or common law negligence. This appeal followed.

## II.     STANDARD OF REVIEW

The standard of review for an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR[5] 56.03). Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the non-moving party and "all doubts are to be resolved in his

_____

[4] Kentucky Revised Statute.

[5] Kentucky Rule of Civil Procedure.

favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). Only where "it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor should the motion for summary judgment be granted." *Id.* at 482 (citation omitted). Thus, a summary judgment looks only to questions of law, and a decision to grant summary judgment is reviewed *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016) (citation omitted).

### III.     ANALYSIS

Maykel seeks review of the circuit court's entry of summary judgment for his liability claims under (1) KRS 258.235 (the "dog bite statute") and (2) common law negligence. The dog bite statute assigns liability to "owners" of the dog: "[a]ny owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage." KRS 258.235(4). Therefore, we must determine whether the Bloyds were "owners" of Misty's dog. KRS 258.095(5) explains that

> "[o]wner," when applied to the proprietorship of a dog, includes:
>
> (a) Every person having a right of property in the dog; and
>
> (b) Every person who:
>
> > 1. Keeps or harbors the dog;

-4-

2. Has the dog in his or her care;

3. Permits the dog to remain on or about premises owned and occupied by him or her; or

4. Permits the dog to remain on or about premises leased and occupied by him or her[.]

*See also Maupin v. Tankersley*, 540 S.W.3d 357, 360 (Ky. 2018).

Maykel argues that there is a genuine issue of material fact as to whether the Bloyds permitted the dog to remain on or about the premises owned by them. The Bloyds disagree, arguing there is no genuine issue of material fact concerning the same because Paul testified that he did not know the dog was on the premises, and therefore could not have permitted it. As such, they argue he could not qualify as an "owner." Maykel, however, insists that Paul could have lied in his deposition, so his credibility itself is a genuine issue of material fact. Therefore, he believes he "must be allowed to present contrary evidence."[6] We disagree.

First, the Kentucky Supreme Court has explained that "[a] plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990) (citation omitted). It then clarified that "'[b]elief' is not evidence and does

---

[6] Maykel argues he could cross examine the independent contractor and Misty at trial; however, importantly, Maykel did not subpoena either individual during discovery to contradict Paul's testimony. Instead, he moved for summary judgment first.

-5-

not create an issue of material fact." *Id.* There, the plaintiff, a patient at the defendant's hospital, believed nurses had disconnected her bed unit, leaving her without the ability to contact the nurses. *Id.* at 2. Despite the plaintiff's statements that the bed unit light failed to come on and that attempts to use the bed unit were unsuccessful, the Kentucky Supreme Court concluded that it was nothing more than a "belief" and therefore did not create an issue of material fact. *Id.* at 2-3.

Here, Maykel puts forth a string of conjecture as "evidence": "So, did [Paul] intentionally never visit the property once in ten years so as not to be put on notice of the dog's presence? Did he know and just lied? What landlord living in the same city as his rental property truly never visits his rental property . . . once in ten years?" In *Humana*, the plaintiff put forth first-hand observations and it still did not rise to the level of "affirmative evidence" required to defeat a proper motion for summary judgment. *Id.* Here, Maykel's claims fall even shorter. He argues only that he believes that Paul *may have* lied in his deposition. Like *Humana*, this does not rise to the level of evidence necessary to suggest a genuine issue of material fact. Therefore, summary judgment was appropriate.

Additionally, even if Paul had known about the dog and could have qualified as an "owner," the Kentucky Supreme Court has explained that when a landlord is an "owner" under the dog bite statute, their liability does not extend to injuries that occurred *off* the leased premises. *Benningfield ex rel. Benningfield v.*

*Zinsmeister*, 367 S.W.3d 561, 567 (Ky. 2012). Instead, the attack must occur "on or about" the leased premises. *Id.* at 567-68. The court interpreted "on or about" to mean on the property or so close to it as to be "within immediate physical reach." *Id.* at 568 (citation omitted).

In *Benningfield*, "[t]he attack . . . occur[ed] across the street, [and therefore] was outside the limited range of 'on or about' the premises." *Id.* For that reason, the Kentucky Supreme Court explained, "the [landlords] were not owners of the dog [at the time of the incident], and thus [could not] be liable under the dog bite statute." *Id.* The Kentucky Supreme Court explained that it would be "unreasonable to allow a landlord's liability to track wherever the dog may roam or be taken." *Id.* at 567. Here, there is no dispute that the attack occurred on Maykel's property, on a neighboring street. Therefore, there is no genuine issue of material fact as to whether the Bloyds were "owners" of Misty's dog when it attacked Maykel.

Next, Maykel argues the Bloyds are liable for common law negligence. Under common law, a landlord may be liable if the plaintiff establishes that the landlord (1) knew of the dog's vicious or mischievous propensities and (2) had control over the area when the attack occurred. *McDonald v. Talbott*, 447 S.W.2d 84, 85-86 (Ky. 1969); *Ireland v. Raymond*, 796 S.W.2d 870, 871-72 (Ky. App. 1990). Maykel fails to establish either element.

In *Ireland*, this Court considered a similar situation, in which the victim of a dog attack attempted to hold the landlords liable for common law negligence. 796 S.W.2d at 871-72. There, like here, the tenant's dog did not attack the victim on the leased premises – the record indicated it either took place on the victim's property or on the public roadway. *Id.* at 871. The victim testified that she asked the landlords "a number of times" to tell their tenant to keep the dogs out of her yard because the dogs scared her. *Id.* However, she admits that she did not specifically tell the landlord that she believed the dogs were vicious, or that they had ever attempted to bite her. *Id.* The tenant testified that the dogs had nipped at one of the victim's children before but that there had been no injury. *Id.* Additionally, it was established that the landlords knew that the dogs were on their rental property, but they knew nothing about the dogs' temperament. *Id.*

Even where the landlords knew about the dog and the victim had expressed concerns to the landlord surrounding their presence, this Court concluded that the landlords could not be liable for the injuries. *Id.* We explained that because the landlords had no knowledge of the dogs' viciousness and had no control over the circumstances of the attack, the plaintiff failed to meet the standard for common law negligence and summary judgment was proper. *Id.* at 872.

Here, Paul testified that he did not know that Misty had a dog on the premises and that he never saw a dog on the premises. As such, he testified that he did not know what breed the dog was, anything about the breed, or whether the dog was aggressive. Under *Ireland*, this is not enough to create a genuine issue of material fact.

Additionally, as discussed, the attack took place on Maykel's property, not on the leased property. This Court explained that when the attack did not take place on the leased premises and there was nothing to indicate that the landlord had any control of the area where the attack occurred, the landlord did not have control over the area when the attack occurred, as required under *McDonald*. *Ireland*, 796 S.W.2d at 871-72. Therefore, Maykel fails to prove either element under *McDonald*.

As there is no genuine issue of material fact regarding Maykel's claims under the dog bite statute or common law negligence, the circuit court properly entered summary judgment against him.

## IV.      CONCLUSION

Pursuant to Kentucky law, we AFFIRM the Jefferson Circuit Court's opinion and order granting summary judgment for the Bloyds.


ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey A. Sexton
Louisville, Kentucky

BRIEF FOR APPELLEES PAUL
THOMAS BLOYD AND WANDA
FAYE BLOYD:

Don A. Pisacano
Lexington, Kentucky