RENDERED: APRIL 5, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0750-MR

RHONDA NALL                                                                  APPELLANT

v.                APPEAL FROM JEFFERSON CIRCUIT COURT
                  HONORABLE SARAH E. CLAY, JUDGE
                  ACTION NO. 21-CI-002565

JBG HOMES LIMITED LIABILITY
COMPANY; MORGAN WAXLER;
AND TIMOTHY WAXLER                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

COMBS, JUDGE: This case presents the issue of whether a landlord is liable for injuries inflicted in a dog attack by a dog owned by a tenant. Appellant, Rhonda Nall (Nall), appeals the order of the Jefferson Circuit Court granting summary judgment to JBG Homes, LLC, Appellee. After our review, we affirm.

On November 19, 2020, while working in her front yard, Nall was attacked by a pitbull-type dog owned by her neighbors, Timothy and Morgan Waxler. The Waxlers' dog also attacked and killed Nall's dog. The Waxlers lived in a rental house owned by JBG Homes and located several doors down and across the street from Nall's home.

The Waxlers began leasing the property in March 2019 and understood that they could not keep a dog on the premises without the written consent of JBG Homes and the payment of an additional monthly fee. After the attack, JBG Homes instructed the Waxlers either to remove the dog from the premises or to vacate the home as they were in breach of the terms of the parties' lease agreement. The Waxlers vacated the home.

On May 4, 2021, Nall filed a civil action against the Waxlers and JBG Homes. She alleged that the defendants are liable for her injuries pursuant to the provisions of KRS[1] 258.235, Kentucky's dog-bite liability statute. In the alternative, Nall alleged that the Waxlers and JBG Homes are liable for her injuries under principles of common law negligence.

JBG Homes filed a motion for summary judgment on November 1, 2021. Supporting the motion were the affidavits of Jason and Kelly Gasser. Jason Gasser is the only member of JBG Homes; Kelly Gasser assists in operations as a

---

[1] Kentucky Revised Statutes.

point of contact for tenants of JBG Homes. The Gassers' affidavits indicated that no one with JBG Homes was notified that the Waxlers intended to keep a dog on the leased premises; that no one at JBG Homes gave permission for the Waxlers to keep a pet on the leased premises; and that the Waxlers never paid a fee required for keeping a dog on the premises. The circuit court denied the motion and gave the parties (90) days in which to conduct discovery and an additional two (2) weeks in which to address anew the issues raised in the motion of JBG Homes for summary judgment.

During her discovery deposition, Kelly Gasser admitted that she had observed a puppy at the property leased by the Waxlers several months before the dog attack at Nall's premises on November 19, 2020. Gasser told the Waxlers that the dog would have to go or the monthly rent would be increased. By order entered on December 27, 2022, the Jefferson Circuit Court concluded that JBG Homes was entitled to judgment as a matter of law and granted the renewed motion of JBG Homes for summary judgment. The court denied Nall's motion to alter, amend, or vacate. This appeal followed.

Our role in reviewing a summary judgment is to determine whether the trial court erred by concluding that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). Because questions of fact are not at issue, the

grant of summary judgment is reviewed *de novo*. *Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188 (Ky. App. 2006) (citing *Blevins v. Morgan*, 12 S.W.3d 698 (Ky. App. 2000)).

KRS 258.235(4) provides that "[a]ny owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage." Nall argues that the trial court erred by failing to conclude that JBG Homes can be held liable under the provisions of KRS 258.235, reasoning that its relationship to the leased premises means that it must be deemed the dog's owner. We disagree.

Kentucky's dog-bite liability statute defines a dog's "owner" as:

(a) Every person having a right of property in the dog; and

(b) Every person who:

    1. Keeps or harbors the dog;

    2. Has the dog in his or her care;

    3. Permits the dog to remain on or about premises owned and occupied by him or her; or

    4. Permits the dog to remain on or about premises leased and occupied by him or her[.]

KRS 258.095(5). Citing provisions included in Kentucky's Landlord and Tenant Act, Nall argues that at the time of the attack, JBG Homes had a statutory lien on all of the Waxlers' personal property for the value of four-months' rent. Nall

-4-

contends that the Waxlers' personal property included the dog and that, therefore, JBG Homes is a statutory owner within the meaning of KRS 258.095(5)(a). However, JBG Homes observes that Nall did not address this provision or its application either in the trial court's proceedings or in her pre-hearing statement. An appellate court is "without authority to review issues not raised in or decided by the trial court." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009). Consequently, we cannot address -- much less reverse -- the trial court's order on this basis.

In the alternative, Nall argues that JBG Homes is a statutory owner of the dog pursuant to KRS 258.095(5)(b)1. because it was on notice that the Waxlers were keeping a dog on the leased premises. She argues that this knowledge alone means that the landlord, too, was "keeping and harboring" the dog at the time of the attack. The trial court rejected this argument as absurd.

In *Benningfield ex rel. Benningfield v. Zinsmeister*, 367 S.W.3d 561 (Ky. 2012), the Supreme Court of Kentucky addressed an earlier version of KRS 258.095 that imposed liability based upon an even broader definition of "owner." Pursuant to that more expansive provision, our Supreme Court observed that it would be "unreasonable to allow a landlord's liability to track wherever the dog may roam or be taken." *Id.* at 567. It noted that "such a broad rule can have absurd consequences." *Id.* More directly pertinent to the issue before us, the Court

observed that one who "keeps or harbors" a dog means a person into whose care the dog has been committed.

There is no allegation or evidence in this matter that the Waxlers committed the care of their dog to JBG Homes. Moreover, the attack occurred on Nall's property, which was a significant distance from the rental property owned by JBG Homes. Under these circumstances, statutory liability could not attach to the landlord. Therefore, the trial court did not err by concluding that JBG Homes was entitled to judgment as a matter of law with respect to Nall's claim under Kentucky's dog-bite liability statute.

Nall next argues that the trial court erred by concluding that JBG Homes was entitled to judgment as a matter of law with respect to her common law negligence claim. She contends that a jury should have been empanelled to determine whether the landlord failed to act reasonably to ensure that the neighborhood was protected from a vicious dog.

Under common law principles of negligence, a landlord may be liable if the plaintiff establishes that the landlord (1) knew of the dog's vicious or mischievous propensities and (2) had control over the area when and where the attack occurred. *Ireland v. Raymond*, 796 S.W.2d 870 (Ky. App. 1990). Nall failed to establish either element.

In *Ireland*, we considered whether the victim of a dog attack could hold the landlord liable for common law negligence. There, as here, the tenant's dog did not attack the victim on the leased premises. Instead, the record indicated that the attack took place either on the victim's property or on a public roadway. Furthermore, while it was established that the landlords knew that dogs were being kept at the leased property, they were unaware of the dogs' temperament. Even where the landlords knew that the dogs were kept at the property and the victim had expressed concerns to the landlord concerning them, we concluded that the landlords could not be liable for the victim's injuries. Because the landlords had no knowledge of the dogs' viciousness and had no control over the circumstances of the attack, we concluded in *Ireland* that the plaintiff failed to meet the standard for common law negligence and that the summary judgment thus was proper.

In the case before us, there is no indication that JBG Homes was aware that the Waxlers' dog was aggressive. Moreover, as noted above, the attack took place on Nall's property -- not on the leased property. There is nothing to indicate that JBG Homes had any control over the circumstances of the attack.

There is no genuine issue of material fact regarding Nall's claims based either upon the dog-bite liability statute or upon principles of common law negligence. The trial court did not err by concluding that JBG Homes was entitled to judgment as a matter of law.

We affirm the opinion and order of the Jefferson Circuit Court granting summary judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David B. Mour
Louisville, Kentucky

BRIEF FOR APPELLEE JBG
HOMES, LIMITED LIABILITY
COMPANY:

J. Stan Lee
Katie Bouvier
Megan L. Adkins
Lexington, Kentucky