RENDERED:  JUNE 14, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0855-MR

JOHNNA N. SIZEMORE, AS NEXT
OF FRIEND OF BRYLEE SIZEMORE                                  APPELLANT


                    APPEAL FROM BOYD CIRCUIT COURT
v.             HONORABLE GEORGE W. DAVIS, III, JUDGE
                        ACTION NO. 22-CI-00736


DONALD HOWARD AND
BARBARA HOWARD                                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, GOODWINE, AND A. JONES, JUDGES.

JONES, A., JUDGE:  The Appellant, Johnna N. Sizemore, as next friend of her

daughter, Brylee Sizemore, filed a negligence and strict liability lawsuit against the

Appellees, Donald and Barbara Howard, seeking damages for injuries Brylee

suffered when she was attacked by a dog owned by one of the Howards' tenants.

After the Boyd Circuit Court entered summary judgment in favor of the Howards,

Ms. Sizemore brought this appeal as a matter of right. Having reviewed the record and being otherwise sufficiently advised in law, we affirm.

## I. BACKGROUND

The Howards are the record owners of a residence located at 2112 Belmont Street in Ashland, Kentucky. The Howards do not reside at the property. Rather, it is simply one of many properties the Howards lease to others or renters. On September 11, 2021, Chelsie Parsons and Seth Stewart signed a lease to rent the Belmont residence from the Howards. At that time, Ms. Parsons informed Mr. Howard that she owned a Great Dane. Mr. Howard expressed some reservations about the dog living on the property because of its size. Ms. Parsons assured Mr. Howard that the dog was not a cause for concern as it was gentle, friendly, and loved everyone. The Howards allowed Ms. Parsons and Mr. Stewart to move in the home with the dog subject to an additional $25 per month pet fee. Prior to the incident in question, the Howards had not received any complaints about the dog or any information suggesting that the dog was vicious.

On July 3, 2022, Ms. Sizemore left her five-year-old daughter, Brylee, in the care of her babysitter, Olivia Adkins, while she was at work. Ms. Adkins asked Ms. Sizemore if Brylee could accompany the Adkins family to a cookout at

the Belmont Street house.[1]  Ms. Sizemore was apparently informed that the dog would be present at the cookout but was told there was no need for her to worry because the dog was friendly.  Ms. Sizemore acquiesced.  Unfortunately, sometime during the cookout the dog attacked Brylee, seriously injuring her face and scalp.

On October 18, 2022, Ms. Sizemore, acting on Brylee's behalf, filed suit against Ms. Parsons and the Howards.[2]  Ms. Parsons did not file an answer or otherwise enter an appearance.  The Howards, however, filed an answer denying liability.  Thereafter, the parties exchanged written discovery and both Ms. Sizemore and Mr. Howard gave depositions.

On May 12, 2023, the Howards moved for summary judgment.  In their motion, the Howards argued that:  (1) they cannot be held strictly liable for Brylee's injuries because were not the dog's statutory owner as that term is defined in KRS[3] 258.095(5); and (2) they were not negligent because they had no prior knowledge that the dog posed a threat.  Ms. Sizemore filed a response in opposition to which the Howards responded.

---

[1] It is unclear who was hosting the cookout as Ms. Parsons and Mr. Stewart were apparently out of town at the time.

[2] Ms. Sizemore later moved to amend her complaint to add Mr. Stewart and various members of the Adkins family as defendants. This appeal was filed from the final order, with no issue raised as to those other potential defendants and without an amended complaint filed.

[3] Kentucky Revised Statutes.

On June 2, 2023, the trial court entered summary judgment in favor of the Howards. The trial court certified that the judgment was final and there was no just cause for delay. After the trial court denied her CR[4] 59.05 motion to alter, amend, or vacate, Ms. Sizemore filed this appeal.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. The movant bears the initial burden of demonstrating that there is no genuine issue of material fact in dispute.

The party opposing the motion then has the burden to present, "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Serv. Ctr, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991); *Watson v. Landmark Urology, P.S.C.*, 642 S.W.3d 660, 666 (Ky. 2022). "A party responding to a properly supported summary judgment motion cannot merely rest on the allegations in its pleadings." *Versailles Farm Home and Garden, LLC v. Haynes*, 647 S.W.3d 205, 209 (Ky. 2022) (citing *Continental Cas. Co. v. Belknap Hardware & Mfg. Co.*, 281 S.W.2d 914, 916 (Ky. 1955)). "[S]peculation

---

[4] Kentucky Rules of Civil Procedure.

and supposition are insufficient to justify a submission of a case to the jury, and that the question should be taken from the jury when the evidence is so unsatisfactory as to require a resort to surmise and speculation." *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006) (quoting *Chesapeake & Ohio Ry. Co. v. Yates*, 239 S.W.2d 953, 955 (Ky. 1951)).

"An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exist[ed] and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018). The standard of review for an appellate court is *de novo* because only legal issues are involved. *Isaacs v. Sentinel Ins. Co. LTD.*, 607 S.W.3d 678, 681 (Ky. 2020).

### III. ANALYSIS

#### A. Strict Liability

Pursuant to KRS 258.235(4), "[a]ny owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage." This statute creates "a form of strict liability for the owner of a dog." *Benningfield ex rel. Benningfield v. Zinsmeister*, 367 S.W.3d 561, 563 (Ky. 2012).

In *Benningfield*, the Court was called upon to determine whether a landlord could be liable under the statute if his tenant's dog bit a third party. In

-5-

determining that the landlord could be liable, the Court noted that the statutory definition of an owner *at that time* included "every person having a right of property in the dog and every person who keeps or harbors the dog, or has it in his care, or permits it to remain on or about premises owned *or* occupied by him." *Id.* (emphasis added). The *Benningfield* court reasoned that a landlord fell into the latter category if he knowingly permitted his tenants to keep dogs.

If the law was the same today as it was at the time of *Benningfield*, Ms. Sizemore might be able to hold the Howards strictly liable for her daughter's injuries. It is not. In 2017, the Kentucky General Assembly amended KRS 258.095(5) as follows:

> (5) "Owner," when applied to the proprietorship of a dog, includes:
>
> > (a) Every person having a right of property in the dog; and
> >
> > (b) Every person who:
> >
> > > 1. Keeps or harbors the dog;
> > >
> > > 2. Has the dog in his or her care;
> > >
> > > 3. Permits the dog to remain on or about premises **owned <u>and</u> occupied** by him or her; or
> > >
> > > 4. Permits the dog to remain on or about premises leased and occupied by him or her;

-6-

KRS 258.095(5) (emphasis added). By revising the statute to require both ownership *and* occupancy, the General Assembly excluded non-occupant landlords, like the Howards, from the statute's reach.

It is undisputed that while the Howards owned the property at issue, they did not occupy it. Accordingly, the trial court properly granted summary judgment to the Howards with respect to Ms. Sizemore's strict liability claim.

**B. *Common Law Negligence***

"At common law, a dog owner is not liable absent knowledge of the dog's vicious propensities, *i.e.*, the 'one free bite' rule." *Horbach v. Forsythe*, 667 S.W.3d 1, 7 (Ky. App. 2023). The rationale of the rule is grounded in foreseeability. A dog owner who knows her canine has exhibited vicious propensities in the past should anticipate and be on notice that it poses a future danger. While a landlord is not technically an owner, it stands to reason that if a landlord knowingly permits his tenant to harbor a vicious animal on the premises, he could be held liable. *Ireland v. Raymond*, 796 S.W.2d 870, 872 (Ky. App. 1990).

While it is undisputed that the Howards were aware that the dog was on the premises, there is no evidence that the Howards knew the dog was vicious. It is true that Mr. Howard expressed some initial concern when told the dog was a Great Dane due to the breed's generally large size. That fact, alone, however, is

insufficient. *Id.* To hold the Howards liable based on common law negligence, Ms. Sizemore must be able to point to some evidence to show that they knew the dog had vicious tendencies. Nothing in the record suggests that the Howards had any knowledge that the dog had previously attacked someone, acted aggressively, or posed any sort of danger. In fact, the evidence is to the contrary. Mr. Howard testified that when asked about the dog, he was told that it was very friendly and posed absolutely no danger. There is also no evidence that the Howards received any complaints about the dog prior to the incident in question. Without such evidence, Ms. Sizemore cannot prevail on her common law negligence claim against the Howards making summary judgment in their favor proper.

On this point, Ms. Sizemore asserts that summary judgment was premature. Summary judgment is proper only after a party has been given ample opportunity to take discovery and then fails to offer controverting evidence. *Pendleton Bros. Vending, Inc. v. Commonwealth Finance & Administration Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988) (citing *Hartford Insurance Group v. Citizens Fidelity Bank & Trust Co.*, 579 S.W.2d 628 (Ky. App. 1979)). The movant does not have to show that a party opposing summary judgment actually completed discovery but only that there was sufficient opportunity to do so. *Suter v. Mazyck*, 226 S.W.3d 837 (Ky. App. 2007). "The trial court's determination that a sufficient amount of time has passed and that it can properly take up the

summary judgment motion for a ruling is reviewed for an abuse of discretion." *Blankenship v. Collier*, 302 S.W.3d 665, 668 (Ky. 2010).

Ms. Sizemore filed her complaint on October 18, 2022. During the next several months, the parties took the depositions of Mr. Howard and Ms. Sizemore and engaged in some written discovery. Approximately nine months passed between the time Ms. Sizemore filed her complaint and the trial court granted summary judgment. Ms. Sizemore knew Ms. Parsons's address. Indeed, Ms. Parsons signed for the complaint at the address listed on the summons. According to the complaint, Ms. Sizemore also knew the dog belonged to Ms. Parsons. Had Ms. Sizemore made some attempt to depose Ms. Parsons but been unable to do so, her failure might have been excusable. It does not appear from the record, however, that Ms. Sizemore ever attempted to do so. In the absence of an affirmative record of diligence, the trial court did not abuse its discretion when it concluded that Ms. Sizemore had been given sufficient time to gather evidence in her favor prior to taking up the Howards' motion for summary judgment.

## IV. CONCLUSION

For the reasons set above, we affirm the Boyd Circuit Court's judgment in favor of Donald and Barbara Howard.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey D. Hensley
Russell, Kentucky

BRIEF FOR APPELLEES:

Andrew K. Wheeler
D. Luke Vincent
Ashland, Kentucky