RENDERED: JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0982-MR

CECILIA COWAN                                                            APPELLANT

v.        APPEAL FROM SIMPSON CIRCUIT COURT
          HONORABLE MARK A. THURMOND, JUDGE
          ACTION NO. 21-CI-00349

JAMES BROWN; SYLVIA BROWN;
AND KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY                                                 APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: Cecilia Cowan ("Appellant") appeals from a memorandum opinion and order granting summary judgment in favor of James Brown and Sylvia Brown ("Appellees") in Appellant's action to recover damages sustained by a dog bite. Appellant argues that the circuit court erred in granting summary judgment because genuine issues of material fact remain for

adjudication. After careful review, we find no error and affirm the opinion and order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellees own a parcel of residential real property in Simpson County, Kentucky, which they lease to Lee Ann Embry and Eric Carver. On January 4, 2021, Appellant was walking her dog "Remington" on the road near the house leased by Embry and Carver. Remington began to urinate on a telephone pole located on the leased property. Embry and Carver's dog "Bo" began to bark at Remington, at which time Appellant walked onto the leased property to pick up her dog. As she was doing this, a pit bull owned by Embry and Carver named "Bingo" approached Appellant from behind, and bit Appellant's jacket. Bingo then bit Appellant's knee causing injury. Appellant removed a .25 caliber pistol from her pocket and fired twice at Bingo, after which Appellant was able to leave the area with Remington. She subsequently sought emergency medical care for the knee injury.

Some time prior to the biting incident, Appellant spoke with Mr. Brown about the dogs. She would later testify that she discussed with Mr. Brown how pit bulls looked nice and cute, but were dangerous. Mr. Brown had a different recollection, stating that the conversation was about how nice the dogs got along. Mr. Brown stated that he never discussed Bingo with Appellant.

On December 28, 2021, Appellant filed the instant action against Appellees and Kentucky Farm Bureau Mutual Insurance Company ("Farm Bureau"). She asserted a claim of strict liability against Appellees per Kentucky Revised Statutes ("KRS") Chapter 258, commonly referred to as the dog bite statutes. Appellant also alleged that Appellees were negligent because they allowed their lessees, Embry and Carver, to keep a vicious dog at the rental property. Lastly, Appellant made a claim against Farm Bureau alleging bad faith and unfair claim settlement practice arising from its refusal to provide coverage.[1]

On February 24, 2022, Appellees brought a claim for indemnification against Embry and Carver. That claim was subsequently dismissed after Embry and Carver settled with Appellant.

Discovery was undertaken and Appellees filed a motion for summary judgment. In support of the motion, they argued that they could not be strictly liable under the dog bite statute, KRS 258.235, because they did not meet the definition of an "owner" as set out in KRS 258.095(5). They also argued that they could not be found negligent because they did not own Bingo, and had no reason to believe that Bingo would bite Appellant.

On February 20, 2023, Appellant filed a response to Appellees' motion for summary judgment. Appellant argued that because Mr. Brown knew

---

[1] Farm Bureau is not a party to this appeal.

his lessees had a dangerous pit bull on the rental property, he was a secondary owner of the dog because he was harboring the animal. Appellant also maintained that Appellees were liable under common law negligence because pit bulls have a reputation for being vicious.

On March 6, 2023, the circuit court heard oral arguments on the motion. Thereafter, it rendered a memorandum opinion and order granting Appellees' motion for summary judgment. The court first determined that Appellees were not strictly liable for Appellant's injuries as a matter of law because Appellees were not owners of the dog per KRS 258.235(4). The court found that strict liability attached only as to "owned and occupied" or "leased and occupied" premises where the dog was allowed to remain. Since Appellees did not occupy the rental property, the court concluded that the strict liability provision of the dog bite statute did not apply.

The circuit court went on to find that Appellees were not liable for the dog bite as a matter of law under common law negligence. It determined that one of the essential elements to common law negligence in dog bite cases, to wit, knowledge of the dog's vicious propensities or the so-called "one free bite" rule, was not present herein because no evidence was adduced that Appellees knew Bingo was likely to bite Appellant. This appeal followed.

-4-

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant first argues that the Simpson Circuit Court erred in failing to conclude that Appellees are strictly liable for the dog attack. She argues that KRS 258.005(2) defines "owner" as any person owning, keeping or harboring a dog, cat, or ferret in Kentucky. Appellant maintains that as landlords of the rental property, Appellees were clearly harboring Bingo for purposes of the dog bite statute, as they knew that their tenants had a vicious pit bull on the premises.

KRS 258.235(4) states that "[a]ny owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage." KRS 258.095(5) states:

> "Owner," when applied to the proprietorship of a dog, includes:
>
> (a) Every person having a right of property in the dog; and
>
> (b) Every person who:
>
> 1. Keeps or harbors the dog;
>
> 2. Has the dog in his or her care;
>
> 3. Permits the dog to remain on or about premises owned and occupied by him or her; or
>
> 4. Permits the dog to remain on or about premises leased and occupied by him or her;

Appellant directs our attention to KRS 258.005(2), which defines a dog owner as any person harboring a dog in Kentucky. This definition, however, only applies to the statutes KRS 258.005 to KRS 258.087. The definitions found in KRS 258.095 apply to the statutes KRS 258.095 to KRS 258.500. KRS 258.235, the dog bite statute, would utilize the definitions from KRS 258.095. Looking to KRS 258.095(5), which defines "owner" for purposes of the dog bite statute, we first see that Appellees do not have "a right of property" in Bingo per KRS 258.095(5)(a). Further, the record provides no basis for finding that Appellees "harbor" the dog (KRS 258.095(5)(b)1.) or keep the dog in their care (KRS 258.095(5)(b)2.).

In granting Appellees' motion for summary judgment on Appellant's claim of strict liability under KRS Chapter 258, the Simpson Circuit Court focused on KRS 258.095(5)(b)3. and 4. The court determined that Appellees did not permit Bingo to remain on premises "owned and occupied" by them, KRS 258.095(5)(b)3., because Appellees do not occupy the rental property. Similarly, and for the same reason, the court found that Appellees did not allow the dog to remain on premises "leased and occupied" by them. KRS 258.095(5)(b)4. These findings are amply supported by the record, and do not form a basis for reversing the order on appeal as to Appellant's statutory claim.

Appellant also briefly argues that the circuit court erred in granting summary judgment on her common law negligence claim. She claims that she expressly stated to Mr. Brown that Bingo was going to hurt someone, which later happened. Her apparent argument is that this statement placed Mr. Brown on notice that Bingo was vicious, and that Mr. Brown therefore breached a duty to Appellant by failing to remedy the problem.

Under the common law, a landlord may be liable for a tenant's dog bite if the plaintiff demonstrates that the landlord knew of the dog's vicious tendencies, and had control over the area when the attack occurred. *Ireland v. Raymond*, 796 S.W.2d 870, 871-72 (Ky. App. 1990). The circuit court properly determined that Appellant did not prove either of these elements.

> Every presumption is in favor of the correctness of the decision of the trial court, and in order to warrant a reversal, error must affirmatively appear from the record. This presumption is one with which this court begins its examinations of every case brought before it, and one which every appellant must overcome in order to secure a reversal of a judgment. In other words the burden is on the appellant to show error affecting the judgment rendered below.

*Oakes v. Oakes*, 204 Ky. 298, 264 S.W. 752, 753 (1924).

Appellant has not overcome the presumption in favor of the correctness of the circuit court's ruling on this issue. We have no basis for

concluding that Mr. Brown breached a common law duty to Appellant, and find no error on this issue.

## CONCLUSION

The circuit court correctly found that there were no genuine issues as to any material fact and that Appellees were entitled to judgment as a matter of law. *Scifres*, *supra*. Accordingly, we affirm the Simpson Circuit Court's memorandum opinion and order granting summary judgment in favor of Appellees.


ALL CONCUR.


BRIEF FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEES JAMES BROWN AND SYLVIA BROWN:

Paul T. Lawless
Ian A. Loos
Bowling Green, Kentucky

BRIEF FOR APPELLEE
KENTUCKY FARM BUREAU
MUTUAL INSURANCE
COMPANY:

Eric A. Hamilton
Elizabethtown, Kentucky