RENDERED:  MAY 8, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0106-MR

IVAN STARBUCK                                                              APPELLANT

v.               APPEAL FROM JEFFERSON CIRCUIT COURT
                 HONORABLE JULIE KAELIN, JUDGE
                 ACTION NO. 23-CI-004838

BUNNY KAY WATERMAN; JOSEPH
W. BURNETT, SR.; AND TRINA
BURNETT                                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND CETRULO, JUDGES.

ACREE, JUDGE:  The Jefferson Circuit Court granted summary judgment to

Joseph and Trina Burnett with respect to Ivan Starbuck's premises liability action.

We affirm.

Starbuck sued the Burnetts and Bunny Waterman in August 2023.

The Burnetts lease residential property, and Waterman is one of their tenants.  The

gravamen of Starbuck's complaint is that the Burnetts allowed Waterman to keep

her three dogs on the premises, despite their violent history, resulting in their attack on Starbuck while he was "lawfully walking past the property." The Burnetts eventually moved for summary judgment.

Starbuck responded to the Burnetts' motion by conceding he could not prevail on his statutory claims but argued his common law negligence claim remained viable. Unpersuaded, the trial court granted the Burnetts' motion, and this appeal followed. We develop additional background as necessary.

"Summary judgment is a remedy to be used sparingly, *i.e.* 'when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.'" *Patton v. Bickford*, 529 S.W.3d 717, 723 (Ky. 2016). We review grants of summary judgment de novo, owing "no deference" to the trial court's reasoning. *Id. See also Fischer v. Fischer*, 197 S.W.3d 98, 103 (Ky. 2006) ("If the summary judgment is sustainable on any basis, it must be affirmed.").

Starbuck argues his common law negligence claim should survive. "The elements of a negligence claim are (1) a legally-cognizable duty, (2) a breach of that duty, (3) causation linking the breach to an injury, and (4) damages." *Patton*, 529 S.W.3d at 729. The focus of his brief is foreseeability and superseding causation. He says nothing about duty.

Reading the brief favorably to Starbuck, he seems to argue the Burnetts duty was not to "permit[] a tenant's dog(s) to remain on their rental property . . . aware[] that the animal was vicious." (Appellant's Br. 7). Necessarily then, any duty must arise from the Burnetts' ownership of the property, *i.e.*, a duty based on a premises liability theory. That is where Starbuck's claim fails. Starbuck alleged only that the Watermans' dogs attacked him while he was "walking past the property," not while he was on the property.

Generally, "one who owns premises to which the public is invited is under a general duty to exercise ordinary care to keep those premises in a reasonably safe condition." *McDonald v. Talbott*, 447 S.W.2d 84, 86 (Ky. 1969). But in *Ireland v. Raymond*, this Court held that a landlord cannot be held liable "for injuries resulting from an attack by his tenant's dogs when the attack does not take place on the rented premises." 796 S.W.2d 870, 871 (Ky. App. 1990). In *Benningfield ex rel. Benningfield v. Zinsmeister*, the Kentucky Supreme Court recognized "that *Ireland* limited landlord liability to attacks that occur on the leased premises," (*i.e.*, "the premises-only rule") but clarified that a landlord could be held liable for off-premises dog attacks where the landlord can be considered the dog's owner pursuant to the relevant statute. 367 S.W.3d 561, 563 (Ky. 2012).

Starbuck has not alleged the attack took place "on the leased premises," and Starbuck concedes the Burnetts were not the dogs' owners as

-3-

defined by statute. Consequently, Starbuck's common law negligence claim against the Burnetts fails as a matter of law, and the Jefferson Circuit Court's January 3, 2025 Opinion and Order Granting Summary Judgment is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Christopher Bailey
Louisville, Kentucky

BRIEF FOR APPELLEES:

Michael B. Dailey
Louisville, Kentucky